330 F.3d 274
 Clint BOLICK; Robin B. Heatwole; Dry Comal Creek Vineyards, a Texas Corporation; Hood River Vineyards, an Oregon Sole Proprietorship; Miura Vineyards, a California Limited Liability Company, Plaintiffs-Appellees,
v.
Vernon M. DANIELSON, Chairman, Virginia Department of Alcoholic Beverage Control; Warren Barry, Commissioner, Virginia Department of Alcoholic Beverage Control; Esther M. Vassar, Commissioner, Virginia Department of Alcoholic Beverage Control, Defendants-Appellants, and
Virginia Wine Wholesalers Association, Incorporated, Intervenor/Defendant,
Martha Blevins Brissette, Amicus Curiae,
State of Michigan; Wine & Spirits Wholesalers of America, Incorporated; National Association of Beverage Retailers; American Beverage Licensees; National Beer Wholesalers Association; Coalition of Licensed Beverage Associations; Presidents' Forum of the Beverage Alcohol Industry; National Alcohol Beverage Control Association, Incorporated; National Conference of State Liquor Administrators, Amici Curiae in support of Appellants,
Virginia Wineries Association; Juanita Swedenburg; David Lucas; The Lucas Winery; Swedenburg Winery; Family Winemakers of California; Coalition for Free Trade, Amici Curiae in support of Appellees, and
Virginia Vineyards Association, Movant.
Clint Bolick; Robin B. Heatwole; Dry Comal Creek Vineyards, a Texas Corporation; Hood River Vineyards, an Oregon Sole Proprietorship; Miura Vineyards, a California Limited Liability Company, Plaintiffs-Appellees,
v.
Vernon M. Danielson, Chairman, Virginia Department of Alcoholic Beverage Control; Warren Barry, Commissioner, Virginia Department of Alcoholic Beverage Control; Esther M. Vassar, Commissioner, Virginia Department of Alcoholic Beverage Control, Defendants, and
Virginia Wine Wholesalers Association, Incorporated, Intervenor-Appellant,
Martha Blevins Brissette, Amicus Curiae,
State of Michigan; Wine & Spirits Wholesalers of America, Incorporated; National Association of Beverage Retailers; American Beverage Licensees; National Beer Wholesalers Association; Coalition of Licensed Beverage Associations; Presidents' Forum of the Beverage Alcohol Industry; National Alcohol Beverage Control Association, Incorporated; National Conference of State Liquor Administrators; Martha Blevins Brissette; Virginia Wineries Association; Juanita Swedenburg; David Lucas; The Lucas Winery; Swedenburg Winery; Family Winemakers of California; Coalition for Free Trade, Amici Curiae in support of Appellees, and
Virginia Vineyards Association, Movant.
 No. 02-1367.
 No. 02-1368.
 United States Court of Appeals, Fourth Circuit.
 Argued: January 22, 2003.
 Decided: May 23, 2003.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CA-99-755)
 ARGUED: Ernest Gellhorn, Law Office of Ernest Gellhorn, Washington, D.C.; William Eugene Thro, Christopher Newport University, Newport News, Virginia, for Appellants. Daniel Roy Ortiz, University Of Virginia School of Law, Charlottesville, Virginia, for Appellees. ON BRIEF: William H. Hurd, George W. Chabalewski, Office of the Attorney General Of Virginia, Richmond, Virginia; Walter A. Marston, Jr., Reed Smith, L.L.P., Richmond, Virginia; George E. Kostel, Reed Smith, L.L.P., Falls Church, Virginia, for Appellants. Matthew S. Hale, Newport News, Virginia, for Appellees. Martha Blevins Brissette, Richmond, Virginia, Amicus Curiae. Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, Irene M. Mead, Assistant Attorney General, Michigan Department of Attorney General, Lansing, Michigan, for Amicus Curiae Michigan. Louis R. Cohen, C. Boyden Gray, Scott A. Shepard, Wilmer, Cutler & Pickering, Washington, D.C.; M. Craig Wolf, Wine & Spirits Wholesalers of America, Inc., Washington, D.C., for Amici Curiae Wholesalers, et al., James M. Goldberg, Goldberg & Associates, P.L.L.C., Washington, D.C., for Amici Curiae Beverage Control Association, et al. Mark B. Rhoads, Dana J. Finberg, McCandlish Holton, P.C., Richmond, Virginia, for Amicus Curiae Virginia Wineries. William H. Mellor, Steven M. Simpson, Institute for Justice, Washington, D.C., for Amici Curiae Swedenburg, et al. Tracy S. Carlin, Foley & Lardner, Jacksonville, Florida; Kevin M. Fong, Pillsbury Winthrop, L.L.P., San Francisco, California, for Amici Curiae Winemakers, et al.
 Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiffs, two Virginia wine and beer consumers and wineries based in Texas, California, and Oregon, commenced this action against officials of the Commonwealth of Virginia, challenging the constitutionality of Virginia's Alcoholic Beverage Control ("ABC") laws, Va.Code § 4.1-100 et seq., which prohibit the importation of wine and beer into Virginia except through a regulated, multi-tiered structure. The plaintiffs alleged that portions of these laws, even though adopted ostensibly pursuant to the Twenty-first Amendment, are unconstitutional by virtue of the dormant Commerce Clause, principally because they favor local wine and beer manufacturers, who are permitted to sell directly to consumers, and discriminate against out-of-state wine and beer manufacturers, who must sell through the more costly multi-tiered structure. The plaintiffs also alleged that the Virginia law allowing State-run ABC stores to sell only Virginia farm wines similarly violated the dormant Commerce Clause. The plaintiffs sought a declaration of unconstitutionality and prospective injunctive relief.
 
 
 2
 The district court held that Virginia's ABC laws unconstitutionally discriminated against out-of-state wine and beer manufacturers and sellers and were not saved by the Twenty-first Amendment. Bolick v. Roberts, 199 F.Supp.2d 397, 417 (E.D.Va.2002). Accordingly, the court declared unconstitutional, and enjoined the enforcement of, Virginia Code §§ 4.1-103(1); 4.1-119(A); 4.1-207(2), (4), (5); 4.1-208(3), (6), (7), (8); 4.1-209(A)(2), (5); 4.1-302; 4.1-303; and 4.1-310(B), (C), which functioned together to prohibit the direct shipment of wine and beer from out-of-state sellers while simultaneously authorizing the direct shipment to consumers of in-state wine and beer and allowing State-run ABC stores to sell only Virginia farm wines. Id.
 
 
 3
 Since this case was argued, the Virginia legislature enacted bills H.B. 1652 and S.B. 1117, which the governor signed into law on April 9, 2003. These statutes modify portions of some of the statutes that are subject to this appeal and, therefore, as Virginia contends, render moot portions of this case. Virginia also points out that these new statutes alter the arguments and analysis necessary for the disposition of the remainder of the case.
 
 
 4
 Because the relief that plaintiffs seek is only prospective, the recent statutory enactments change the circumstances on which the district court's opinion was based and therefore alter the issues presented to us for decision on appeal. Accordingly, we vacate the district court's order and remand this case for reconsideration of plaintiffs' challenges in light of the recent statutory enactments and in light of Beskind v. Easley, 325 F.3d 506 (4th Cir. 2003), which we decided recently.
 
 
 5
 
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.